UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| WHC, LLC | CIVIL ACTION NO. 6:20-cv-01651 |
| VERSUS | JUDGE SUMMERHAYS |
| CRUM & FORSTER SPECIALTY INSURANCE COMPANY, ET AL. | MAGISTRATE JUDGE HANNA |

## **REPORT AND RECOMMENDATION**

Currently pending is the motion to remand (Rec. Doc. 8) that was filed by the plaintiff, WHC, LLC. The motion is unopposed. The motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, it is recommended that the motion should be granted, and this matter should be remanded to state court.

## **Background**

This lawsuit was filed in the 15th Judicial District Court, Lafayette Parish, Louisiana, and was removed by defendant Crum & Forster Specialty Insurance Company. In the removal notice, Crum & Forster alleged that the court has subject-matter jurisdiction over this action under 28 U.S.C. § 1332 because the parties are diverse in citizenship and the amount in controversy exceeds the statutory minimum.

In its petition, WHC alleged that it contracted with Paragon Directional Drilling, LLC for horizontal directional drilling services in connection with a pipeline project near Midland, Texas. When Paragon allegedly failed to complete the work, WHC allegedly hired another company to replace Paragon, remediate the situation, and complete the project. WHC alleged that Paragon's negligence and breach of contract delayed the completion of the project and resulted in economic loss, damages, and costs to WHC exceeding $1.2 million. WHC further alleged that Kinergy Pipeline Construction, LLC had operational control over Paragon's employees, agents, and representative, making Kinergy responsible for Paragon's negligence and breach of contract. WHC further alleged that Crum & Forster insured Paragon and Kinergy. WHC sued Paragon, Kinergy, and Crum & Forster.

## Law and Analysis

Federal district courts are courts of limited jurisdiction, possessing only the power authorized by the Constitution and by statute.[1] Remand is required "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."[2] A federal court has "diversity jurisdiction" when the amount-in-controversy exceeds $75,000 exclusive of interest and costs, and the citizenship of

---

[1] See, e.g., *Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994)).

[2] 28 U.S.C. § 1447(c).

the plaintiff is diverse from that of all the defendants.[3]  A removing party bears the burden of establishing diversity jurisdiction.[4]  "Any ambiguities are construed against removal and in favor of remand to state court."[5]  Indeed, any doubts as to the propriety of removal should be construed strictly in favor of remand.[6]

The amount in controversy is the sum claimed by the plaintiff in his complaint if the claim was apparently made in good faith.[7]  To justify remand, "it must appear to a legal certainty that the claim is really for less than the jurisdictional amount."[8]  Here, it is facially apparent that the amount in controversy exceeds the jurisdictional minimum, and WHC did not dispute Crum & Forster's allegation that the amount-in-controversy requirement is satisfied in this case.

In support of its motion to remand, WHC argued that the parties are not diverse in citizenship.  The plaintiff – WHC – and two of the defendants – Paragon

---

[3]  See 28 U.S.C. § 1332(a).

[4]  *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013); *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[5]  *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d at 397; *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d at 723; *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

[6]  *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d at 723.

[7]  *St. Paul Reinsurance v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995); *Nat'l Union Fire Ins. Co. of Pittsburgh v. Russell*, 972 F.2d 628, 630 (5th Cir. 1992).

[8]  *St. Paul Reinsurance v. Greenberg*, 134 F.3d at 1253 (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

and Kinergy – are limited liability companies, while the other defendant – Crum & Forster – is a corporation. WHC's petition does not contain allegations sufficient to establish the citizenship of any of them.

A corporation's citizenship is determined by its state of incorporation and the state of its principal place of business.[9] In the removal notice, Crum & Forster alleged that it is a Delaware corporation with its principal place of business in New Jersey.[10] Therefore, Crum and Forster is a citizen of Delaware and New Jersey.

A limited liability company's citizenship is determined by the citizenship of its members.[11] "A party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation."[12] If the members are themselves partnerships, LLCs, corporations, or another form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be.[13]

---

[9] 28 U.S.C. § 1332(c)(1).

[10] Rec. Doc. 1 at 2,

[11] *Soaring Wind Energy, L.L.C. v. Catic USA Inc.*, 946 F.3d 742, 750 (5th Cir. 2020) (citing *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

[12] *MidCap Media Finance, L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019) (citing *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017).

[13] See *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397-98 (5th Cir. 2009) (suggesting that to discern the citizenship of an LLC, the court must trace citizenship "down the various organizational layers"); *Wright v. JPMorgan Chase Bank, NA*, No. 09-cv-0482, 2009 WL 854644,

In the removal notice, Crum & Forster alleged that Kinergy's members and Paragon's members are Texas citizens.[14] WHC presented no evidence to dispute those allegations. However, WHC presented evidence establishing that it is a limited liability company,[15] that its sole member is AMCP Pipeline Holdings, LLC,[16] and that Rick Mills, a Texas citizen, is a member of AMC Pipeline Holdings, LLC.[17] No opposition to the remand motion was filed, and no contrary evidence was presented. Accordingly, this Court finds that WHC, Paragon, and Kinergy are all Texas citizens; that the parties are not diverse in citizenship; and that Crum & Forster did not satisfy its burden of establishing subject-matter jurisdiction.

## Conclusion

For the foregoing reasons, IT IS RECOMMENDED that the plaintiff's motion to remand (Rec. Doc. 8) should be GRANTED, and this matter should be REMANDED to the 15th Judicial District Court, Lafayette Parish, Louisiana because this court lacks subject-matter jurisdiction.

---

at *1 (W.D. La. Mar. 26, 2009) ("If the members are themselves partnerships, LLCS, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be.").

[14] Rec. Doc. 1 at 3.

[15] Rec. Doc. 8-2 at 2.

[16] Rec. Doc. 8-4 at 1.

[17] Rec. Doc. 8-4 at 1.

5

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.[18]

Signed at Lafayette, Louisiana, this 18th day of February 2021.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[18]　See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).